UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALASSANE SOUMARE,<br>a/k/a Malick Soumare,<br><br>Defendant. | Case No. 1:18-cv-05337<br><br>Judge Matthew F. Kennelly |

## JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT OF REVOKING NATURALIZATION

The United States of America ("United States") and Alassane Soumare, a/k/a Malick Soumare ("Defendant"), jointly move this Court to enter the attached proposed Consent Judgment Revoking Naturalization. This motion is supported by Defendant's admission to, and acknowledgment of the truth of, and acknowledgment of the truth of, the specific facts identified below and contained in Counts I and II of the Complaint. *See* Compl., Dkt. No. 1.

### FACTUAL BACKGROUND

Defendant admits that he applied for asylum in 1993 claiming to be "Alassane Soumare," a citizen of Mali, and that while he was awaiting an interview, he filed a second asylum application in 1995, as "Malick Soumare" a purported citizen of Mauritania. Defendant admits that he attended an asylum interview as "Malick Soumare" in 1995, but was referred to immigration court. Defendant admits that he was ordered deported as "Malick Soumare" in 1996, and that this order was upheld by the Board of Immigration Appeals in 1997. Defendant admits that in 2001, he applied for permanent residence, under the name "Alassane Soumare" on the basis of his marriage; that this application was granted in 2002, and that he naturalized as a

U.S. citizen in 2012, all without disclosing his use of the "Malick Soumare" identity or prior removal order.

Accordingly, Defendant admits that prior to his admission as a permanent resident, he had sought to procure an immigration benefit by fraudulently or willfully misrepresenting material facts. Defendant further admits that he procured his naturalization by willfully concealing or misrepresenting material facts during the naturalization process including, but not limited to, his prior use of the "Malick Soumare" identity and the immigration court proceedings and removal order he received while using that identity. Disclosing his use of multiple identities and prior order of removal would have revealed that Defendant was ineligible for naturalization.

## **STATUTORY BACKGROUND**

The Immigration and Nationality Act provides for the revocation of an individual's naturalized U.S. citizenship for either of two independent grounds: (1) if the naturalization was illegally procured; or (2) if the naturalization was procured by concealment of a material fact or by willful misrepresentation. 8 U.S.C. § 1451(a). "Illegal procurement" has occurred where an applicant naturalized despite failing to comply with all congressionally-imposed prerequisites to the acquisition of citizenship. *Fedorenko v. United States*, 449 U.S. 490, 517 (1981). Naturalization was procured by concealment of a material fact or by willful misrepresentation where: (1) the naturalized citizen misrepresented or concealed some fact during the naturalization process; (2) the misrepresentation or concealment was willful; (3) the fact was material; and (4) the naturalized citizen procured citizenship as a result of the misrepresentation or concealment. *Kungys v. United States*, 485 U.S. 759, 767 (1988). Where the government establishes that the defendant's citizenship was procured illegally or by willful misrepresentation of material facts, "district courts lack equitable discretion to refrain from entering a judgment of

denaturalization." *Fedorenko*, 449 U.S. at 517.

Based on the agreed facts and law, both grounds exist here.

## **ANALYSIS**

*First*, the parties agree that Defendant illegally procured his citizenship because he was not eligible for naturalization because he had not been lawfully admitted for permanent residence, as alleged in Count I. ECF No. 1 ¶¶ 56-64; *see* 8 U.S.C. § 1427(a)(1). Congress has explicitly required that a person be "lawfully admitted" for permanent residence prior to naturalization. 8 U.S.C. § 1427(a)(1). The term "lawfully" requires compliance with substantive legal requirements for admission. *Id.* § 1101(a)(20); *see also Estrada-Ramos v. Holder*, 611 F.3d 318, 321 (7th Cir. 2010). An alien is inadmissible if he, by fraud or willfully misrepresenting a material fact, sought to procure, or has procured a visa, other documentation, or admission into the United States or any other immigration benefit. 8 U.S.C. § 1182(a)(6)(C)(i). Because, as outlined above, Defendant willfully misrepresented a material fact for the purpose of obtaining an immigration benefit — adjustment of status to that of a lawful permanent resident — he was inadmissible at the time he adjusted to permanent resident status. *See id.* Because he was ineligible for adjustment, he was not "lawfully admitted" for permanent residence, as is required for naturalization by statute. *Id.* §§ 1427(a)(1), 1429. Defendant concedes that his naturalization was illegally procured because he was not lawfully admitted for permanent residence, and that this Court should enter an order of denaturalization pursuant to 8 U.S.C. § 1451(a).

*Second*, the parties agree that Defendant procured his naturalization by concealment of a material fact or willful misrepresentation, as alleged in Count II. ECF No. 1 ¶¶ 65-70. As noted above, Defendant knowingly and willfully misrepresented on his Form N-400 and during his

3

naturalization interview that he had never given false or misleading information to any U.S. government official while applying for any immigration benefit, and had never lied to any U.S. government official to obtain an entry or admission to the United States. Defendant admits that his responses and testimony to both questions were false and that he knew at the time that they were false. Defendant further admits that his misrepresentations concealed his immigration history, which would have disclosed to U.S. immigration officials that he unlawfully adjusted status and was otherwise ineligible for naturalization and was material. Accordingly, Defendant concedes that this Court should enter an order of denaturalization.

## CONCLUSION

In light of the facts above and alleged in Counts I and II of the Complaint, which Defendant admits are true, and having fully discussed the case with his counsel,[1] Defendant agrees with the United States that denaturalization is proper and, to avoid delay, uncertainty, inconvenience, and expense of further litigation, does not wish to further contest denaturalization. Accordingly, the United States and Defendant jointly move this Court for an order providing the relief requested in the attached proposed Consent Judgment Revoking Naturalization. The Parties also jointly request the Court to set a hearing for approximately 21 days from the effective date of the Judgment at which Defendant, appearing in person and with counsel, must demonstrate that he has complied with the Judgment, unless the United States provides notice that Defendant has fully complied and the Judgment is satisfied.

---

[1] Defendant's counsel, Justin Burton, Esq. and Kevin Raica, Esq., hereby certify that they have fully discussed this Joint Motion for Entry of Consent Judgment Revoking Naturalization and the proposed Consent Judgment Revoking Naturalization with their client, the Defendant, and that Defendant has read, fully understands, and agrees to the terms of this motion and proposed judgment.

4

Respectfully submitted,

_____  Dated: 8/27/2018
ALASSANE SOUMARE
Defendant

_____  Dated: 8/27/2018
Justin Burton, Esq.
Kevin Raica, Esq.
Kriezelman, Burton & Assocs.
200 W. Adams St, Ste. 2211
Chicago, IL 60606
Telephone: (312) 332-2550
E-mail: jburton@krilaw.com
E-mail: kraica@krilaw.com

Counsel for Defendant

5

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

TIMOTHY M. BELSAN
Deputy Chief, National Security &
   Affirmative Litigation Unit

_____ Dated:_____
AARON R. PETTY, IL 6293553
Counsel for National Security
National Security &
   Affirmative Litigation Unit
District Court Section
Office of Immigration Litigation
U.S. Department of Justice
219 S. Dearborn St., 5th Floor
Chicago, IL 60604
Telephone: (202) 532-4542
E-mail: Aaron.R.Petty@usdoj.gov

Counsel for Plaintiff